# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

Da'Jhon Amaria Bostic,

Plaintiff,

Civil Action No. 25-3056-JWL

VS. Wyandotte County Police Department,

Defendant[s].

FILED
U.S. District Court
District of Kansas
MAR 27 2025
Clerk, U.S. District Court
By _____ Deputy Clerk

## COMPLAINT

This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under the 28 U.S.C. Section 2283 and 2284, and Rule 65 of the Federal Rules of Civil Procedure of rights secured by the Constitution of the United States. Plaintiff Federal Tort Claims Act are authorized by 28 U.S.C. Section 1346. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

Plaintiff, Da'Jhon Amaria Bostic, brings this suit of declaratory and injunctive relief for defendant[s] official and individual capacity. Plaintiff seeks nominal damages for the—

violation of his Fourth Amendment. Plaintiff also requests the court to order defendant[s] for punitive damages for the acts of Knowingly or purposely using Excessive Force herein;

1. On Febuary 10th, 2024 Officer's of the Wyandotte County police Department were in pursuit on a Kia that was reported stolen from Kansas City, Missouri and broadcasted to be a suspect of Attempted Aggravated Assault on a Law Enforcement officer that occurred at the Intersection of E 72nd St. and Prospect Ave in Kansas City, Missouri.

2. Eventually in the pursuit Kansas City, Kansas Highway Patrol, State Trooper Police and Sheriff's Department assisted and joined in the pursuit. The Highway Patrol State police conducted a tactical vehicle intervention causing the pursuit to come to an end at I-70 and Kaw Dr., the driver of the Kia Sportage SUV was apprehended by Kansas Highway Patrol after a short foot pursuit.

3. The driver was then identified as DaJhon Amaria Bostic (Plaintiff).

4. When Plaintiff was apprehended by the Kansas Highway Patrol on foot, plaintiff was ordered to 'Stop' by police after falling on the ground near the Rail Road Station.

5. After defendant[s] ordered plaintiff to 'Stop', it can be seen on body cam that plaintiff DID NOT ignore orders after the fact that plaintiff had fell and was surrounded by police.

6. Plaintiff was only ordered to 'Stop' when Tazer's were drawn after plaintiff fell and was apprehended by State Police. Plaintiff was in fear for his life and obeyed the order to 'Stop' after falling to the ground, but was NOT resisting the officer's when he was surrounded.

7. Plaintiff DID 'Stop' for the officer's but was not given the appropriate time to surrender nor was he given a warning before he was tazed by State Police. It is indeed unnecessary excessive force when the officer deployed his tazer on plaintiff after plaintiff was ordered to 'Stop' and obeyed the orders while the officer was NOT in need or in immediate danger to do so.

8. After plaintiff was tazed, it can also be seen on body cam that plaintiff was begging the officer to 'stop' due to the fact plaintiff was in pain while other officers can be seen standing around plaintiff instead of detaining him. The officer tazed plaintiff in his will and satisfaction instead of his need or safety protocol.

9. Also after plaintiff was tazed, officers then stopped tazing plaintiff, and placed him under arrest. It can be seen on body cam that the plaintiff was finally detained and arrested when officers then decided instead of waiting for EMS to arrive, to snatch the tazer prongs out of plaintiff's body, which in this case plaintiff can also be heard screaming and yelling in pain once more while turned on his back in handcuffs by the officials.

10. Improper removal of the tazer prongs can cause serious injury's to the human body especially if the person has medical conditions and needs. Also police is NOT authorized to shoot or deploy Tazer's if not in NEED, or in immediate danger of other's or their safety.

11. The police department of Wyandotte County is being held responsible for this matter due to the simple fact that the State police and Highway patrol was involved in this cruel situation and the department of the police is also responsible for the welfare, duty's, and actions the State police, Highway Patrol, Sheriff's or other Police officers and agencies provide for the public.

12. Defendant[S] are being sued individually and in their official capacity. At all times mentioned in this complaint, each defendant acted under the Federal Tort claims Act, which violates the Federal Rules of Civil Procedure.

13. The police took advantage and their power for granted instead of going by the department's protocols, Rules and Guidelines. The police were capable and authorized to punish or discipline plaintiff by excessive force instead of detaining plaintiff and going by the department's protocol and authority.

14. Plaintiff seeks for declaratory, and injunctive relief on the defendant[S].

15. The plaintiff is requesting Nominal and Punitive damages for the violation of his Eighth and Fourth Amendment rights of the United States Constitution. The Eighth Amendment of the United States Constitution prohibits cruel and unusual punishment against citizens that are being detained and placed in custody. The Fourth Amendment prohibits Unnecessary Excessive Force, under the United States Constitution and laws of the Federal Rules of Civil Procedure.

16. Exhibit's A, B, C and D can further be reviewed on Kanas case #2024001888 and Missouri's case #2416-CR01555-01 for plaintiff[s] claims and evidence.

17. It is also noted that plaintiff Da'Jhon Amaria Bostic's, iphone 12 was tooken by police and lost in the course of this incident during his arrest. Deputy clearly states on body cam... "I do not see any I.D inside the phone case, I only see your phone with a picture of you on the lockscreen". Plaintiff then asked the Deputy nicely to put the cellular device in his property, but unfortunately the Deputy declined and refused to return the cellular device.

18. This is a big affect on plaintiff due to the videos and pictures he took and had in the cellular device of a deceased loved one. Plaintiff[s] family then tried to TRACK the device after plaintiff was placed into custody. The device showed up to be located at Santa Fe Tow lot, but when plaintiff[s] family associated on getting the device returned, officials who worked at the Santa Fes office denied in having possession of the cullular device, EVEN having to inform that plaintiff was in custody and will not be able to receive, claim nor get the device returned to him. It is to be noted that plaintiff[s] family and plaintiff his self had significant proof that the device belonged to plaintiff.

19. Plaintiff[s] cellular device was estimated in value between $675-$750 at the time when it was took, lost or stolen. Plaintiff is requesting the court to order reimbursement fees on the cellular device as defendant[s] are being held responsible for plaintiff[s] personal item being took, lost or stolen. This will also satisfy plaintiff due to the simple fact that he does not have the sufficient funds to replace the cellular device.

WHEREFORE, plaintiff respectfully requests that the court enter judgment granting plaintiff[s] declaration, that the acts herein, violated plaintiff[s] Eighth and Fourth Amendment rights of the United States Constitution and laws of the Federal Rules of Civil Procedure by painfully, purposely, cruelly punishing the plaintiff by using unnecessary excessive force. In the process plaintiff prays that the court enter an order for plaintiff seeking injunctive and declaratory relief and further prays the court enter an order for Reimbursement, Nominal and Punitive damages. Plaintiff prays that a preliminary and permanent injunction hearing be held against the head of the police department, and the deputie's responsible for this cause to prevent this simular action from happening in the future against the citizens of the United States. Plaintiff also prays and request that this court order any additional relief this court deems just, proper, and equitable.

Date: 2/24/2025

Respectfully Submitted,

Da'ghanal. Baltic

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed On Febuary 24th, 2025 in the city of Kansas City, State of Missouri.

### Plaintiff[S] Info:

Address: 8306 E 106 St. Kansas City, MO 64134

Email Address: Kanishawates6@Gmail.com

Contact: 816-359-0938 or 816-335-7874

Date Of Birth: ███, 2005

Social Security Number: ███-3978

(10)

Race: Black, White, and Italian

Gender: Male

Defendant[s] Info:

Business Contact: 913-596-3000

Business Name: Wyandotte County, Police Department

Business Address: 700 Minnesota Ave Kansas City, Kansas 66101

Clerk:

Signature: _____

Date: _____

Judge:

Signature: _____

Date: _____

Address: _____

Division: _____

## Certificate Of Service

I hereby certify that on the day of Febuary 24th the foregoing COMPLAINT was mailed in to be filed through the Clerk of the District Court's for the District of Kansas to be served by the honorable Judges, and by the operation of the court's filing system against all Defendant[s] mentioned herein.

Date: Febuary 24, 2025

Judge Signature Print: _____

Clerk Signature Print: _____

(Plaintiff) Print Signature:
Dav'jhan a. Baltic