IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas

DEC 16 2025

Clerk, U.S. District Court
By _____ Deputy Clerk

DA'JHON AMARIA BOSTIC )
Plaintiff, )
)
VS. )
WYANDOTTE COUNTY ) Case No.
POLICE DEPARTMENT, ) 25-3056-JWL
et al., )
Defendant(s). )

# MOTION TO AMEND COMPLAINT

The Plaintiff respectfully requests this Honorable Circuit Court to move for Rule 15- of the Federal Rules Of Civil Procedure to amend his Complaint against the Defendant's in this cause, and to further state proper Defendant's name's that was ordered by this Honorable Court, and as grounds therefor, would show this Honorable Court that the proposed amendment states no new cause's of action's against the Defendant's, that all act's and omission's complained in this cause arised out of the same transaction. Since Defendant's "WYANDOTTE COUNTY POLICE DEPARTMENT" is NOT a proper Defendant to a §1983 Suable action, the Plaintiff seeks the Local Government official's Suable for "their own illegal act's". See Connick v. Thompson, 563 U.S. 51, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011). The Set of facts or circumstances-

(1)

as set forth in the original Complaint, and that justice requires that the amendment be permitted to more specifically and clearly state the Plaintiff's cause of the action against the Defendant's. The Plaintiff is seeking to amend his Complaint herein, for the following facts;

1. During Plaintiff's cause of action, Plaintiff states he sustained permanent body damage's, scars, and multiple injuries. Plaintiff filed a suit in the United States District Court under 42 U.S.C. - §1983 against Defendant's, alleging that they used Excessive Force that appeared to be unnecessary prior to his arrest for Criminal Case WY-2024-CR-00028, in that thereof, Plaintiff claims to allege Defendant's to be in violation of his Civil Constitutional right's under the Fourth, Eighth, and Fourteenth Amendment Rights To The United-States Constitution and 42 U.S.C. §1983. In thus, the District Court seeks to determine evidence, applying test's for when Unnecessary Excessive-Use Of Force gives rise to a §1983 cause of action, which inquires inter alia, whether the Force was applied in a good-faith effort to maintain and restore discipline, or maliciously and sadistically for the very purpose of causing harm. See Johnson v. Glick, -481 F. 2d 1028. In this cause we seek that the Excessive Force applies in Brutal Police Misconduct which violates Plaintiff's Civil-

(2)

Constitutional rights guaranteed to Plaintiff under the due process clause of the Fourth, Eighth, and Fourteenth Amendment rights of the U.S.C. and 42 U.S.C. §1983. See Rosenberg v. Martin, 478 F. 2d at 520 (2d Cir. 1973). It applies to the Cruel and Unusual Punishment, and Unreasonable Searches and Seizures, but since Plaintiffs personal property was Seized, and Cruel and Unusual Punishment was inflicted by the use of Force, rather it was done in a good-faith effort to maintain and restore discipline, or maliciously and Sadistically for the very purpose of causing harm, it was still a violation of Plaintiff's Fourth, Eighth, and Fourteenth Amendment rights of the United States Constitution, since Plaintiff was unarmed and harmed by the officials.

2. Plaintiff further states that his iphone 12 was located at the Scene by a deputy, and NOT immediately returned to him or his relatives, in thus, we seek that there was a picture of Plaintiff on the device when it was located, therefor the device was located and Seized at the Scene without a warrant, rather if it was left at the Scene or NOT, which in this case the due process clause of the Fourth Amendment was violated. The Fourth Amendment Righ To The United States Constitution and 42 U.S.C.-

(3)

§1983, guarantees the right of the people to be Secured in their persons, house's, paper's, AND effect's against unreasonable Searches and Seizure's, and Shall NOT be violated, and no Warrant's Shall issue, but upon probable Cause, either supported by Oath, or affirmation, and particularly describing the place's to be Searched, and/or, the person's and thing's to be Seized. See Andre v. Clayton Cnty., 148 F.4th 1282.

3. Plaintiff also name's proper Defendant's for a 42 U.S.C. §1983 Suable action, the proper Defendant's for this cause are the following;
   1. State Trooper Sam Irwin,
   2. Master Trooper Garcia,
   3. Police Officer Justin Wood,
   4. Police Officer Ridgley,
these are the Defendant's being held responsable for "their own illegal acts", and these are the Defendant's being Sued for their individual and official capacities.

4. Plaintiff also states that the official's being held responsable for this cause, unnecessarily tased him when he got back up from the ground, and was complying with their command's When they specifically told him to "Stop". It is also clear that WCSO and KHP do NOT have-

(4)

full live footage of the moment's immediately before the Plaintiff was tased, therefor, whether the official's forgot, or turned off their body camera's purposely or accidentally before Plaintiff was tased, it was still illigal, and against their policy for the missing live footage before Plaintiff was tased in this cause, regardless of any acts Plaintiff has committed, it was still Brutal Police-Misconduct to NOT record the full incident. Plaintiff did admit in running away from Law Enforcement, but was still tased immediately after he was told to "Stop" and falling to the ground when he got back up to Surrender. Plaintiff's intentions was to Surrender when he got back up and Law Enforcement Surrounded him, there was absolutely no way Plaintiff tried to run away a second time if he was Surrounded by the official's and immediately tased when he got back up, therefor, Plaintiff had nowhere else to run if he was Surrounded by Defendant's and immediately tased when he got back up to Surrender.

5. Regardless if the Plaintiff asked for the taser prong's to be removed or not, E.M.T or E.M.S should've ONLY assisted in removing the taser prongs to properly remove the taser prong's from Plaintiff's Chest and abdomen to restore and properly treat Plaintiff to prevent infection's and Severe and-

(5)

permanent body damage's. In NO such cause, incident, or circumstance's should a Police Officer, deputy, Sheriff, Law Enforcement, Security, C.O, or otherwise NOT obligated to properly treat or restore physical, and severe body injurie's, assist or engage to remove, or snatch bullet's, taser prong's, or any internal inflicted instrument from a human body because it can cause death, or severe and permanent scar's, and pain to the body, therefor, this is considered Brutal Police Misconduct, as it was Cruel and Unusual for such action's to occur due to Defendant's objective, procedure, and training was ONLY to arrest, and detain Plaintiff, regardless of what such Civilian, Suspect, or other Person request's. Again improper removal of the taser prong's could leave Severe and permanent damage's to the human body. Since the Defendant's objective was only to arrest and detain Plaintiff, and NOT to remove the taser prong's due to E.M.S and E.M.T being called, or dispatched to the Scene to give proper Medical Treatment, it is considered Brutal Police Misconduct, which in this case falls under Unnecessary Excessive Force, which is still a violation under Plaintiff's Fourth, Eighth, and Fourteenth Amendment Right's To The United States Constitution, as it was cruel and unusual to improperly remove the taser prong's out of Plaintiff's body. Regardless if Defendant's used-

(6)

Excessive Force, AND Cruel and Unusual punishment to apply in a good-faith effort to maintain and restore discipline, or maliciously and sadistically for the very purpose of causing harm, it was still a violation of Plaintiff's Civil Constitutional-Rights because harm was inflicted by leaving permanent body pain, and damages or scars on Plaintiff's person. See Thomas V. Kern Valley State Prison, 2025 U.S. Dist. Lexis 86449.

WHEREFORE, Plaintiff respectfully requests this Honorable court that the facts herein, to Amend his Complaint be granted under the Rules of Federal Procedure, and further prays that the amendment be permitted, and that the amendment will relate back to the date of the original filing of the Complaint. See also Barrett v. United States, 622 F. Supp. 574 (S.D.N.Y. 1985), aff'd, 798 F.2d 565 (2d Cir. 1986).

Respectfully Submitted,
Da'Jhon N. Bostic

Date: 11/29/25

Notary: _____

(7)