IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS



FILED
DEC 22 2025
Clerk, U.S. District Court
By: _____ Deputy Clerk

DA'JHON AMARIA BOSTIC
Plaintiff,

Case No. 25-3056-JWL

V.

WYANDOTTE COUNTY POLICE DEPARTMENT, et al.,
Defendants.

# MOTION TO AMEND COMPLAINT

The plaintiff, requests the court to move for <u>Rule 15 of the Federal Rules of Civil Procedure</u> to amend his Complaint against the defendant's in this cause, and to state "proper defendant's" names ordered by the court, and as grounds therefor, would show the court that the proposed amendment states no new cause's of action's against the defendant's, that all act's and omission's complained of arise out of the same transaction, Sense "WYANDOTTE COUNTY POLICE DEPARTMENT" is NOT a proper defendant to a §1983 Suable action, the *plaintiff seek's local government official's Suable for a §1983 action for 'their own illegal act's'. See <u>Connick v. Thompson</u>, 563 U.S. 51, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011). The set of fact's or circumstance's as set forth in the original Complaint, and that justice requires that the amendment be permitted to more specifically and

(1)

clearly state the plaintiff's cause of the action against the defendant's. The plaintiff seeks to amend his complaint herein, for the following facts;

1. During plaintiff's arrest, plaintiff states he sustained multiple injures. Plaintiff filed a suit in the United States District court under 42 U.S.C. §1983 against defendant's alleging that they had used *excessive force* that was unnecessary prior to his arrest on criminal case WY-2024-CR-00028, in that thereof, plaintiff claims defendant's to be in violation of his rights under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983. In thus, the District Court seek's to determine evidence, applying tests for when excessive use of force gives **rise** to a §1983 cause of action, which inquires, *inter alia*, whether the force was applied in a good-faith effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm. See Johnson v. Glick, 481 F. 2d 1028. In this cause we assert that brutal police conduct violates a right guaranteed to plaintiff by the due process clause of the Fourteenth Amendment and NOT the Fourth Amendment. See Rosenberg v. Martin, 478 F.2d at 520 (2d Cir.-1973). As far as the due process clause of the Eighth Amendment sense cruel and unusual

punishment was inflicted rather it was done in good faith or maliciously and sadistically for the very purpose of causing harm. As for the <u>Fourth Amendment</u> prohibits unreasonable Searches and Seizures.

2. Plaintiff further states that his iphone 12 was taken by a deputy and not returned to him or his family, in thus, we see that the device was seized without a warrant, which in this case the due process clause of the <u>Fourth Amendment</u> was violated. Amendment 4 guarantees the right of the people to be secured in their persons, houses, papers, and effects, against unreasonable searches and seizures, and shall NOT be violated, and no warrants shall issue, but upon probable cause, either supported by Oath, or affirmation, and particularly describing the place to be searched, and/or, the persons and things to be seized. See <u>Andre V. Clayton Cnty., 148-F.4th 1282.</u>

3. Plaintiff also names proper defendants as, Master Trooper Garcia, Police Officer Justin Wood, Trooper Irwin, and Officer Ridgley.

4. Plaintiff also states "Police officers unnecessarily tased Bostic when he was already complying with their commands to Stop". It is clear that

(3)

WCSO and KHP do not have live footage of the moments immediately before plaintiff was tazed, therefor whether the officer's turned off their body camera footage or NOT, it was still against their policy to not record the full incident. Plaintiff admitted running away from Law Enforcement, but was tased almost immediately after falling to the ground and getting back up to surrender. Plaintiff intended to surrender when Law Enforcement surrounded him, and denies in trying to run away again after he fell on the ground. Plaintiff was surrounded by defendant's and had nowhere else to run, but was still tased almost immediately after falling to the ground and getting back up.

5. If Plaintiff asked for the tazer prongs to be removed, then E.M.T should've assisted in removing the prongs properly from plaintiff's chest and abdomen. In NO such cause, incident, or such circumstances should a deputy, or Law Enforcement agency assist or engage on removing, or snatching the prongs out of such suspect, because it is not their proper procedure, training, or job to properly remove the prongs, regardless of what such detainee, or suspect requests. Improper removal of the tazer prongs could leave severe and permanent damages to the human body. Since the officer's job, or objective was to detain plaintiff and NOT to remove the tazer prongs due to E.M.T being on the scene to

(4)

follow proper medical procedures, and properly remove the tazer prongs, it is considered brutal police misconduct, which in this case falls under Unnecessary Excessive Force, which is a violation under plaintiff's <u>Fourteenth Amendment right to the United States Constitution</u>, As well as the <u>Eighth Amendment right to the United States Constitution</u>, as it was cruel and unusual to taze and improperly remove the prongs out of plaintiff's body. It is absolutely illigal for government officials to record ONLY part of the incident. Plaintiff denies getting back up and running away because plaintiff was immediately tazed when he got back up, therefor plaintiff could not run if he was tazed. Indeed plaintiff was ordered to stop, which he did, but did NOT hear the officials order him to get on the ground because he heard them tell him to stop while he was running, and WHEN he fell. Regardless if officers used Excessive force, and cruel and unusual punishment to apply in good faith effort to maintain and restore discipline, or maliciously and sadistically for the very purpose of causing harm, it was still a violation of plaintiff's <u>Fourteenth Amendment</u>, and <u>Eighth Amendment</u> Constitutional right because permanent scars, and harm was inflicted.

(5)