IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAJHON AMARIA BOSTIC,

                Plaintiff,

v.                                                  CASE NO. 25-3056-JWL

WYANDOTTE COUNTY
POLICE DEPARTMENT, et al.,

                Defendants.

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is currently in the custody of the Missouri Department of Corrections. The Court granted Plaintiff leave to proceed in forma pauperis. (*See* Doc. 8.) This matter is before the Court on Plaintiff's motions to amend the complaint (Docs. 25, 27) and motion for appointment of counsel (Doc. 26).

Plaintiff asks the Court to amend his Complaint to remove the Wyandotte County Police Department as a defendant and to substitute named defendants for the two John Doe defendants named in the Complaint. (Doc. 25, at 1-2). Plaintiff also seeks to add facts and arguments to the Complaint. *Id*. at 2-7.

Plaintiff's motions to amend are denied. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint rather than merely supplement an existing complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the Court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint

1

must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Because Plaintiff needs to file a complete amended complaint rather than merely supplement the original Complaint, the Court denies the motion. The Court will grant Plaintiff an opportunity to submit an amended complaint on the court-approved form that sets forth all of his claims and defendants.

Plaintiff must write the number of this case (25-3056-JWL) at the top of the first page of the amended complaint and must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation. Plaintiff is given time to file a complete and proper amended complaint in which Plaintiff (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

Plaintiff also filed a motion seeking the appointment of counsel (Doc. 26). Plaintiff argues that being incarcerated severely limits his ability to obtain legal counsel and that he does not have the education necessary to pursue his case. (Doc. 26, at 2.)

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). "Rather, a court has discretion to *request* an attorney to represent a litigant who is proceeding in forma pauperis" in a civil case. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th

Cir. 2006) (emphasis added) (citing 28 U.S.C. § 1915(e)(1)).  In other words, if this motion is granted, it means only that the Court will request that an attorney volunteer to be appointed to represent Plaintiff at no cost to Plaintiff.  The Court cannot guarantee that an attorney will volunteer.  *See Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016) ("Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take a case.").

The decision whether to appoint counsel — meaning to request counsel to provide representation at no cost to Plaintiff — in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel.  *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to request volunteer counsel for Plaintiff, the Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115.  The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments.  The Court denies the motion without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motions to amend (Docs. 25, 27) are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 26) is **denied** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **February 17, 2026,** in which to file a complete and proper amended complaint on the Court-approved form.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated January 15, 2026, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**