**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

DAJHON AMARIA BOSTIC,

    Plaintiff,

    v.

WYANDOTTE COUNTY POLICE
DEPARTMENT, et al.,

    Defendants.

Case No. 25-cv-03056-JWB-RES

## <u>SCHEDULING ORDER</u>

This is an action filed by an individual who is incarcerated and not represented by a lawyer. Accordingly, Federal Rule of Civil Procedure 26(f), which generally requires parties to confer and propose a discovery plan before the court enters a scheduling order, does not apply. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv) and 26(f). Additionally, initial disclosures regarding witnesses and documents upon which the parties intend to rely to support their claims and defenses, Plaintiff's damage computations, and any insurance coverage defendants might have are not required in this case. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv). The Court therefore proceeds to enter the following scheduling order.

The Court orders the parties to comply with the following deadlines and discovery directives:

1.    Any motion to amend the pleadings must be filed by **May 4, 2026.** A motion to amend is not an appropriate mechanism to attempt to re-assert claims or re-name parties that have been dismissed, and it is not an appropriate mechanism to attempt to add unrelated claims against different defendants. *See Adams v. Kincaid*, No.

24-3135-JWL, 2024 WL 4542320, at *4 (D. Kan. Oct. 22, 2024) (explaining that unrelated claims against different parties belong in different suits).

2. Protective Order.

2.1 If all parties jointly request the entry of a protective order, Defendants, as the parties represented by counsel, must attach a copy of the proposed protective order (formatted in Microsoft Word) to an email sent to ksd_schwartz_chambers@ksd.uscourts.gov.  The jointly proposed protective order must be emailed on or before **May 4, 2026**.

2.2 If the parties are not in agreement about a proposed protective order, the party or parties seeking entry of a protective order must file a motion for entry of a protective order on or before **May 22, 2026**.  The moving party or parties also must attach a copy of the proposed protective order (formatted in Microsoft Word) to an email sent to ksd_schwartz_chambers@ksd.uscourts.gov on the same day the motion is filed.  Plaintiff does not need to comply with this requirement if he lacks access to email.  He instead may file the proposed protective order with his motion.

2.3 The proposed protective order must follow the District of Kansas preapproved form protective order, available on the Court's website: http://ksd.uscourts.gov/index.php/forms/?open=CivilForms.

3. Any discovery requests must be served on or before **August 28, 2026.**

3.1 No discovery requests may be served after this deadline except by stipulation of the parties or by Court order for good cause shown.

3.2    Responses to discovery requests must be served within the time provided by the Federal Rules of Civil Procedure unless the parties stipulate otherwise.

4.    Any deposition of plaintiff must be taken on or before **July 31, 2026.**

4.1    Leave of Court for the taking of such deposition is granted pursuant to Federal Rule of Civil Procedure 30(a)(2)(B).  The deposition may be taken by telephone and/or video conference, if available, at the option of defendants.

5.    Dispositive motions (e.g., a motion for summary judgment) must be filed by **September 18, 2026.**

6.    Because of the logistical challenges associated with preparing a jointly proposed pretrial order while Plaintiff is incarcerated, the Court will not convene a final pretrial conference until after dispositive motions are decided.  If this case remains pending after dispositive motions are decided, the Court will enter an order convening a final pretrial conference and setting a deadline for the submission of the jointly proposed pretrial order.

7.    If expert testimony is used in this case, disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, must be served by Plaintiff by **July 20, 2026**, and by Defendants by **August 17, 2026.**

8.    Limits on discovery.

8.1    Interrogatories:  As allowed by Rule 33, no more than 25 interrogatories (including discrete subparts) by each party to any other party.

8.2 Requests for production of documents:  No more than 25 from each party to any other party.

8.3 Requests for admissions:  No more than 25 from each party to any other party.

8.4 The Court reminds all parties that discovery requests and discovery responses should not be filed or otherwise provided to the Court.  D. Kan. Rule 26.3(a).

9. Discovery disputes.

9.1 The Court will not entertain discovery-related motions, including motions to compel discovery, motions for sanctions, or the like, unless and until there has been compliance with the following procedure:  In the event of a dispute over discovery, the parties must confer in good faith or make a reasonable effort to confer in good faith, in person, by telephone or by video conference, if possible, and attempt to resolve the dispute.  *See* Federal Rule of Civil Procedure Rule 37(a) and D. Kan. Rule 37.2.  The obligation to meet and confer in good faith applies in this case, and Plaintiff's status as an incarcerated pro se litigant does not relieve either side from complying with these requirements prior to contacting the Court with regard to any discovery-related dispute.

9.2 Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to request a discovery conference must file a motion requesting a discovery conference.

10.    Settlement

    10.1    Plaintiff must mail or email a good-faith settlement proposal to defendants by **May 4, 2026**.  Defendants must send via mail a good-faith settlement counterproposal to plaintiff by **June 1, 2026**.  These documents are not to be filed or provided to the Court.

This scheduling order will not be modified except by leave of Court upon a showing of good cause.

**IT IS SO ORDERED.**

Dated: April 13, 2026, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge

5